**GEORGE UPHAM HARRIS, et al., v. JAMES M. OWENS, JR., as Tax Assessor, et al.**

14 So. (2nd) 426      June Term, 1943

July 9, 1943      En Banc

Rehearing Denied July 30, 1943

*Loftin, Calkins, Anderson & Scott,* for petitioners.

*Keen & Allen,. A. Frank O'Kelley, Jr.,* and *Walton, Lantaff, Atkins & Carson,* for respondents.

THOMAS, J.:

That we may determine the propriety of the ruling by the chancellor granting the motion to strike the supplemental bill it is necessary to review the preceding course of the litigation which terminated in a final decree favorable to plaintiffs.

It was alleged in the original bill that the plaintiffs had reported certain intangible personal property for taxation for the years 1938 to 1941, inclusive, and that the taxes had been paid. Subsequently, the averments continued, the "Assessor . . . under the instructions of the Comptroller . . . proceeded to make further . . . assessments" against the property. The charge was made that the additional levy was void because of (1) procedural defects and (2) lack of power in the taxing officials.

In the answer certain imperfections in the "supplemental assessments" were admitted, but it was asserted by the pleaders that there was statutory authority to reassess the property. The matter was determined on the bill and answer, and the chancellor cancelled the assessments declaring each of them "null and void and of no effect."

The supplemental bill, immediately under consideration, revealed the circumstances surrounding the entry of the final decree and presented facts which occurred afterward. It was there represented that at the time the chancellor had the matter under advisement he requested counsel for the litigants to submit a form of final decree favorable to the side of the cause they, respectively, represented. Accordingly a form was prepared on behalf of the plaintiffs and one on behalf of the defendants. The chancellor elected to enter the one we have quoted, prepared by the former. He rejected the one drawn by the latter which contained this language: "The . . . Assessments . . . are cancelled, vacated, annulled and set aside, on the grounds that they were made without notice to the plaintiffs and without equalization as required by law, *the other grounds on which said supplemental assessments are attacked not being disposed of or decided,* and the Defendant [Tax Collector] . . . [is] permanently and perpetually restrained and enjoined from collecting or enforcing said . . . assessments . . . ." (Italics supplied).

Parenthetically, the record does not disclose that any appeal was taken from the decree.

It was further charged in the supplemental bill that the assessor, after entry of the final decree, attempted again to reassess the property, except for the year 1938, and the

plaintiffs sought to prevent his action by proceedings in contempt. Rule to show cause was issued, then quashed. The supplemental bill was filed with the court's permission and later a motion to dismiss was granted, the chancellor having concluded that the decree did not adjudicate the want of power in the assessor.

It is to us obvious that the chancellor in making his choice of decrees ruled on not only the irregularities in the reassessments but also the statutory power to reassess. When the court rejected the proposed decree containing the express provision that all questions save the defects in the reassessments were left undecided and accepted and signed the form declaring them void the defendants, respondents here, should then have known that the point was settled contrary to their contention. Their course, if they were aggrieved, was to appeal. In this situation it was the part of the court to enforce the terms of its decree. The decision of the Supreme Court of the United States, in the case of Root v. Woolworth, 150 U.S. 401, 14 Sup. Ct. 136, 37 L. Ed. 1123, seems authority for the procedure employed by the petitioners here in their effort by supplemental bill to have the court effectuate its decree. It is our opinion that they were not precluded from following this course by the adverse decision on their application for a rule in contempt. The present fundamental question is whether the chancellor entering the decree intended to and did rule on the lack of power to reassess and substantiation of the averments of the supplemental bill, not presented in the petition in contempt, will greatly aid in its determination. It should be observed that the personnel of chancellors entertaining the case changed after the decree was entered, consequently, the circumstances surrounding its entry become important.

We hold that the chancellor erred in his ruling and that the cause should proceed on the supplemental bill, therefore, the certiorari is issued and the order granting the motion to dismiss the supplemental bill is quashed.

TERRELL, BROWN, ADAMS and SEBRING, JJ., concur.

BUFORD, C. J., and CHAPMAN, J., dissent.

BUFORD, C. J., dissenting:

I think certiorari should be quashed and thereby the challenged order should be affirmed.